ELECTRONIC CITATION: 2012 FED App. 0001P (6th Cir.)
File Name: 12b0001p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re: KRISTIN E. GOURLAY, )
)
Debtor. )
)
_____ )
)
)
KRISTIN E. GOURLAY, )
)
Plaintiff - Appellee, )   No. 11-8066
)
v. )
)
SALLIE MAE, INC., )
)
Defendant - Appellant. )
_____ )

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 11-50870; Adv. No. 11-5036

Decided and Filed: February 21, 2012

Before: HARRIS, PRESTON, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** William J. Clarke, Louisville, Kentucky, for Appellant. John M. Simms, ATKINSON, SIMMS & KERMODE PLLC, Lexington, Kentucky, for Appellee.

_____

**OPINION**

_____

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge. Chapter 7 debtor Kristin E. Gourlay ("Debtor") instituted an adversary proceeding against Sallie Mae, Inc. ("Sallie Mae") pursuant to 11 U.S.C. § 523(a)(8) seeking to determine the dischargeability of her student loan. The

bankruptcy court entered a default judgment against Sallie Mae, and Sallie Mae filed a motion to set aside the judgment. The bankruptcy court denied Sallie Mae's motion to set aside the judgment, and Sallie Mae timely appealed the court's order denying its motion.

## I. ISSUE ON APPEAL

The issue presented by this appeal is whether the bankruptcy court abused its discretion in denying Sallie Mae's motion to set aside a default judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding under Federal Rule of Bankruptcy Procedure 9024.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6) and (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1484, 1497 (1989) (citations omitted). "An order denying a motion to set aside a default judgment is a final order." *In re Baskett*, 219 B.R. 754, 757 (B.A.P. 6th Cir. 1998) (citations omitted).

The granting of relief under Federal Rule of Civil Procedure 60(b) is reviewed for an abuse of discretion. *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 623 (6th Cir. 2008) (citations omitted). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Id.* (citations omitted). An abuse of discretion will be found where the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment. *PCFS Financial v. Spragin (In re Nowak)*, 586 F.3d 450, 454 (6th Cir. 2009) (citation and internal quotation marks omitted). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.* (citation omitted).

## III. FACTS

On May 19, 2011, Debtor instituted an adversary proceeding against Sallie Mae seeking to determine the dischargeability of her student loan under 11 U.S.C. § 523(a)(8). At the time of filing her complaint, Debtor owed Sallie Mae approximately $25,495.06. On May 23, 2011, the bankruptcy court issued a summons, which Debtor's counsel mailed to Sallie Mae by certified mail on June 6, 2011. On June 8, 2011, "S. Williams," who Sallie Mae believes is a part-time employee named Steven Williams, signed the certified mail receipt for the summons and complaint. On June 28, 2011, Debtor filed an affidavit of service attesting that the summons, complaint, and order for trial were sent by certified mail to "John (Jack) F. Remondi, President & Chief Operating Officer, Sallie Mae, 12061 Bluemont Way, Reston, VA 20190-5684." (Adv. Proc. Doc. #5.)

Under Federal Rule of Bankruptcy Procedure 7012, Sallie Mae's answer to Debtor's complaint was due by June 22, 2011. On June 30, 2011, Debtor filed her Motion for Default Judgment requesting that her student loan debt be discharged. The bankruptcy court rejected Debtor's original motion for improper service on Sallie Mae. Debtor refiled her Motion for Default Judgment with proper service on July 6, 2011, and the bankruptcy court entered a default judgment against Sallie Mae on July 8, 2011.

On July 26, 2011, Sallie Mae filed its motion to set aside the default judgment, and on August 4, 2011, Debtor filed her objection. After hearing argument, the bankruptcy court denied Sallie Mae's motion and explained its reasoning:

> The Court has looked carefully at this record and has reviewed the briefs and the authorities cited by the parties, does find that the complaint in this matter was properly served and that Sallie Mae's internal processing breakdown is insufficient to overcome the requirements of Rule 60(d) [*sic*]. It's not excusable neglect and the defendant has not shown why it's not culpable for having not responded to the complaint properly served.
>
> In addition, Rule 60(a) applies to clerical mistakes in the record, not substantive mistakes of the parties, and therefore the Court is going to overrule the motion to set aside the default judgment and would ask Mr. Simms to tender an order in that regard.

(Transcript Page 9, Lines 7-19). On September 20, 2011, the bankruptcy court issued its order denying Sallie Mae's motion to set aside the default judgment, and on October 4, 2011, Sallie Mae timely filed its notice of appeal.

## IV. DISCUSSION

Sallie Mae makes several arguments on appeal as to how the bankruptcy court abused its discretion in denying Sallie Mae's motion to set aside the default judgment. First, Sallie Mae asserts that, even absent a showing of excusable neglect, the judgment must be set aside because Debtor's conclusory allegations in the adversary complaint do not entitle Debtor to a judgment determining that her student loan debts are dischargeable under 11 U.S.C. § 523(a)(8). Second, Sallie Mae asserts that its failure to timely answer Debtor's complaint was not the result of culpable conduct, that Debtor would not be prejudiced if the default judgment were set aside, and that it had a meritorious defense. Third, Sallie Mae asserts that the judgment must be set aside because Debtor did not comply with Local Rule 7007-1(a) by failing to notice her motion for a hearing. And fourth, Sallie Mae contends that the summons and complaint were not properly served. For the reasons that follow, the Panel affirms the order of the bankruptcy court.

A. *Sallie Mae is past the deadline to have a mistake of law reconsidered under Federal Rule of Civil Procedure 60(b)(1).*

Sallie Mae asserts that its failure to answer the complaint did not entitle Debtor to a default judgment because the complaint contained only a conclusory allegation of nondischargeability under § 523(a)(8). The Sixth Circuit permits reconsideration of a point of law under Rule 60(b)(1) only when relief from judgment is sought within the normal time for taking an appeal. *See Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) ("This Court is persuaded that the better view is to allow reconsideration of a point of law under Rule 60(b)(1) when relief from judgment is sought within the normal time for taking an appeal."); *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858 (2d ed. 2011) (in general, relief based on an error of the court is denied when the Rule 60(b)(1) motion is made after the time for appeal has run). Thus, when the normal time for taking an appeal has not expired and a court is faced with a motion to set aside a default judgment, the court remains free to use the "mistake [of law]" language of Rule 60(b)(1), without requiring the movant to demonstrate "excusable neglect."

While Sallie Mae is correct that a trial court must independently determine whether a plaintiff's well-pleaded allegations entitle the plaintiff to the relief being sought, *Bills v. Aseltine*, 52 F.3d 596, 601 (6th Cir. 1995), the time for seeking reconsideration of such a point of law under Rule 60(b)(1) is before the normal time for taking an appeal has expired. In this case, the bankruptcy court entered the default judgment on July 8, 2011. Federal Rule of Bankruptcy Procedure 8002(a) requires that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment . . . ." When Sallie Mae filed its motion to set aside the judgment on July 26, 2011, it was four days past the deadline to appeal. Therefore, Sallie Mae is not entitled to have a purported legal error of the bankruptcy court reconsidered under Rule 60(b)(1).

B.  *The bankruptcy court did not abuse its discretion in rejecting Sallie Mae's argument that its failure to timely answer Debtor's complaint was due to excusable neglect.*

Sallie Mae argued before the bankruptcy court that the default judgment against it should be set aside pursuant to Federal Rule of Civil Procedure 60(b)(1) because its failure to timely file an answer was not the result of culpable conduct, Debtor would not be prejudiced if the default judgment was set aside, and it had a meritorious defense. (Adv. Proc. Doc. #11-1.) The grounds for setting aside a default judgment are set forth in Federal Rule of Civil Procedure 55(c) which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055. Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. Proc. 55(c).

It is important to distinguish between an entry of default and a default judgment, because once an entry of default has ripened into a default judgment a stricter standard of review applies for setting aside the default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (citing *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352 (6th Cir. 2003)). Once a default judgment has been entered, as it was here, the bankruptcy court's discretion to set aside the judgment is "circumscribed by public policy favoring finality of judgments and termination of litigation. Rule 60(b) reflects this public policy by requiring greater specificity from a moving party before a court will set aside a default judgment." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect[.]

Fed. R. Civ. Proc. 60(b)(1).

The decision to set aside a default judgment is left to the discretion of the trial judge. However, in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983), the Sixth Circuit set forth three factors which are to be considered under Rule 55(c) and Rule 60(b): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter*, 705 F.2d at 845. Since deciding *United Coin Meter*, the Sixth Circuit has further explained that while the factors to be considered under Rule 55(c) and Rule 60(b) are similar:

> [T]he methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment. When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry. When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." *Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1).* That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. *It is only when the defendant can carry this burden that he will be permitted to demonstrate that he can also satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.*

*Manufacturers' Ind. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir. 1995) (emphasis in original) (quoting *Waifersong, Ltd. Inc.*, 976 F.2d at 292).

Sallie Mae argues that its failure to file a timely answer is not due to culpable conduct, but rather is the result of excusable neglect. In its affidavit in support of its motion to set aside the default judgment, Sallie Mae attests that the office to which Debtor mailed the summons and complaint was in preparation to move to a new location, only one employee was left remaining in the mail room at the time the summons and complaint were signed for, from a policy perspective the mail should have been forwarded to the name that it was addressed to, and again from a policy perspective the complaint should have been forwarded to Sallie Mae's Bankruptcy Litigation Unit. Sallie Mae asserts in its brief that Debtor's pleading never reached the responsible individual or department due to the "state of upheaval" that Sallie Mae's office was in while moving to a new location and its mail room being "understaffed"; hence, it argues that these circumstances make its failure to timely answer the complaint attributable to excusable neglect.

In *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381 (6th Cir. 2001), the Sixth Circuit discussed how the interpretation of "excusable neglect" by the Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489 (1993), would apply to Rule 60(b)(1):

> Although *Pioneer* interpreted "excusable neglect" in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the Court analyzed the term as it is used in a variety of federal rules, including Rule 60(b)(1). The Court determined that "neglect" must be given its ordinary meaning, which would include "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer* then counsels that whether the "neglect" was excusable involves an equitable determination that takes into account (1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith.
>
> . . . .
>
> More appropriately, *Pioneer* stands for the proposition that a district court should consider the five factors enumerated above in cases where procedural default has prevented the court from considering the true merits of a party's claim.

*Jinks*, 250 F.3d at 386 (internal citations omitted).

In analyzing whether excusable neglect exists for the purposes of a Rule 60(b)(1) motion to set aside a default judgment, the Fifth and Eleventh Circuits have required a showing of minimal internal safeguards designed to make sure that process reaches the appropriate personnel and action is taken. *See Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) ("Our Rule 60(b)(1) cases have consistently held that where internal procedural safeguards are missing, a defendant does not have a 'good reason' for failing to respond to a complaint."); *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999) (affirming a finding of no excusable neglect where a lack of minimum internal safeguards was at least a partial cause of the defendant's failure to respond); *see also Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987) ("Default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect."), cited with approval in *Rogers*, 167 F.3d at 939; *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975) (complaint forwarded by defendant to its counsel and lost in the mail did not constitute excusable neglect because of failure to establish minimum procedural safeguards), cited with approval in *Rogers*, 167 F.3d at 939. In his concurring opinion in *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 898 (4th Cir. 1987), Judge Haynsworth eloquently stated the importance that reasonable internal controls play in determining excusable neglect:

> The best of systems sometimes suffers an occasional breakdown. When it does, the neglect should be treated as excusable, but sloppy handling of papers by which legal actions are commenced is inexcusable. In this case, Rule 60(b) relief was properly denied not because of the loss of the papers and not because the loss was unexplained but because [the defendant] made no showing that it had in place reasonable internal controls designed to prevent or discover such losses.

*Park Corp.*, 812 F.2d at 898.

In *Owens-Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522 (E.D. Tex 2000), the court found minimal internal procedural safeguards present where the defendant presented evidence that it had a system in place, although not written, which allowed it to respond to over 200,000 lawsuits. *Owens-Illinois, Inc.*, 191 F.R.D. at 527-28. Specifically, the court determined that the evidence presented to the court showed that the mislaid complaint was the result of an isolated human error, rather than a product of a prolonged and systemic failure to establish minimum procedural

safeguards: (1) the defendant's system was reliable because it allowed the defendant to timely answer thousands of complaints each year; (2) ordinarily an employee would have faxed the received complaint to the appropriate attorneys and verified the receipt of the fax; and (3) the procedures were not followed in that particular case because the attorney happened to be in the office on the day in question and took the complaint via hand delivery. *Id.* at 528. Further, the court noted that "no system can provide for every possible contingency, nor does the law require [the defendant] to have a fool-proof system." *Id.*

In this case, the bankruptcy court did not abuse its discretion in concluding that Sallie Mae's actions do not constitute excusable neglect. In contrast with the defendant in *Owens-Illinois, Inc.*:

- Sallie Mae did not present evidence indicating that it takes special steps to receive and handle important mail.
- Sallie Mae did not present evidence indicating that it takes steps to safeguard the process of transferring important mail once received.
- Sallie Mae attests that from a policy perspective, the mail should have been forwarded to the appropriate person and to its Bankruptcy Litigation Unit; however, Sallie Mae does not articulate what its actual policy is or if it has one.
- The lost complaint appears to be the product of an internal decision to reduce the mail room staff at its principal office to only one part-time employee weeks before the effective date of its move, as communicated to the Kentucky Secretary of State.

In short, it is unclear whether Sallie Mae (1) had no reasonable policy in place to see that important mail was delivered to the appropriate personnel or (2) simply failed to apprise the bankruptcy court of that policy in its Rule 60(b) motion. Either way, the bankruptcy court did not abuse its discretion in rejecting Sallie Mae's argument that the failure to timely answer Debtor's complaint was due to excusable neglect.

C. *A party in default that has not appeared is not entitled to further notice under Rule 5(a)(2) of the Federal Rules of Civil Procedure.*

Sallie Mae asserts that the bankruptcy court abused its discretion in denying its motion to set aside the default judgment because Sallie Mae was denied the procedural protection granted to it by Local Rule 7007-1(a) of Standing Order 09-03 of the United States Bankruptcy Court for the Eastern District of Kentucky. Local Rule 7007-1(a) provides that a motion in an adversary proceeding pending in the Lexington division "shall include a certificate indicating that each party to the motion

-9-

has been given at least fourteen (14) days' notice of the hearing on the motion by service of the motion in a manner permitted by Rule [7005] of the Federal Rules of Bankruptcy Procedure." Sallie Mae argues that it is entitled to relief because Debtor's motion for default judgment did not contain the certificate required by Local Rule 7007-1(a).

Sallie Mae's reliance on Local Rule 7007-1(a) is misplaced because the rule is not intended to modify Rule 5 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 5(a)(2), which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7005, states in pertinent part that "[n]o service is required on a party who is in default for failing to appear." Furthermore, it would be inappropriate to interpret Local Rule 7007-1(a) in a manner inconsistent with Rule 5 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with–but not duplicate–federal statutes and rules . . . ."); *Levitt-Stein v. Citigroup, Inc.*, 284 F. App'x 114, 117 (5th Cir. 2008) (relying on Rule 5(a)(2) to reject argument that lower court abused its discretion in denying defendant's Rule 60(b) motion where plaintiff did not follow a local rule requiring motions for default judgment to be served by certified mail). While the bankruptcy court did not make an official entry of default on the record, the Affidavit of Service filed on June 28, 2011, indicated that Sallie Mae was in default when Debtor moved for a default judgment. Accordingly, Sallie Mae was not entitled to notice of a hearing on Debtor's motion for default judgment.

D.   *Debtor properly served the summons and complaint.*

Sallie Mae asserts that it was not properly served because the summons and complaint were addressed to "John (Jack) F. Remondi, President & Chief Operating Officer, 12061 Bluemont Way, Reston, VA 20190-5684," who actually works at a location different from the one to which the certified mail was sent. Under Federal Rule of Bankruptcy Procedure 7004(b)(3), service may be made "[u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer . . . ." In this case, Debtor addressed the summons and complaint to John Remondi, Chief Operating Officer of Sallie Mae, who certainly qualifies as an "officer" under Federal Rule of Bankruptcy Procedure 7004(b)(3).

Further, there is no provision in the Federal Rules of Bankruptcy Procedure that requires an officer to be served anywhere other than the corporation's principal office. Kentucky Revised Statute § 14A.6-010(1)(c) requires that "(1) [e]ach entity and each foreign entity authorized to transact business in this Commonwealth shall deliver to the Secretary of State for filing an annual report that sets forth . . . (c) [t]he address of its principal office[.]" On the date that Sallie Mae's mail room employee signed for the certified mail addressed to "12061 Bluemont Way, Reston, VA 20190-5684," that location was listed in Sallie Mae's annual report and Statement of Change of Principal Office Address form as its effective principal office. It was Sallie Mae's internal decision to have its chief operating officer work at a location other than its listed principal address. Accordingly, Debtor properly served the summons and complaint.

## V. CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.